UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 

OMAR REYES

    Plaintiff,
vs.

GENERAL ELECTRIC COMPANY, a Foreign Corporation
d/b/a TELEMUNDO CHANNEL 51, RUBET MUSIC
PUBLISHING, INC, a Florida Corporation, PILAR
MONTENEGRO, individually, PILAR MONTENEFRO
d/b/a GOLDEN MUSIC GROUP LLC, MUSICRAMA, INC,
a Foreign Corporation, TRIGGERFISH ENTERTAINMENT
LLC, a Foreign Corporation, RUDY PEREZ, individually,

    Defendants,
_____/



## COMPLAINT

Plaintiff, OMAR REYES, by and through undersigned counsel sues the Defendants, GERNAL ELECTRIC COMPANY, a Foreign Corporation, d/b/a TELEMUNDO CHANNEL 51, RUBET MUSIC PUBLISHING, INC. a Florida Corporation, PILAR MONTENEGRO, individually, PILAR MONTENEFRO d/b/a GOLDEN MUSIC GROUP LLC, MUSICRAMA, INC. a Foreign Corporation, TRIGGERFISH ENTERTAINMENT, a Foreign Corporation and RUDY PEREZ, individually and states:

    1.    This is an action for infringement of copyright pursuant to Title 17, United States Code.

    2.    Jurisdiction is founded upon Title 28, United States Code.

    3.    At all times material hereto Plaintiff OMAR REYES was and is a professional music composer.



1

4. At all times material hereto, Defendant, GENERAL ELECTRIC COMPANY, a foreign corporation d/b/a/ TELEMUNDO CHANNEL 51, was licensed to do and doing business in the state of Florida.

5. At all times material hereto, Defendant, RUBET MUSIC PUBLISHING, INC., was licensed to do and doing business in the state of Florida.

6. At all times material hereto, Defendant, PILAR MONTENEGRO d/b/a/ GOLDEN MUSIC GROUP, LLC, was licensed to do and doing business in the state of Florida.

7. At all times material hereto, Defendant, MUSICRAMA INC., was doing business in the state of Florida.

8. At all times material hereto, Defendant, TRIGGERFISH ENTERTAINMENT, was doing business in the state of Florida.

9. At all times material hereto, Defendant, RUDY PEREZ, was residing and doing business in the state of Florida.

10. At all times material hereto, Defendant, PILAR MONTENEGRO, was residing and doing business in the State of Florida.

11. Plaintiff OMAR REYES created the music attached hereto as Exhibit "A".

12. The music created by Plaintiff is wholly a original creative works and as such is copyrightable subject matter under the laws of the United States.

13. That since the creation of said music Plaintiff has been and still is the proprietor of all rights, title and interest in and to the copyright of said music.

14. That prior to the institution of this action, Plaintiff complied in all respects with Title 17, United States Code and all of there laws governing copyright registering

JOHN B. OSTROW, 44 WEST FLAGLER STREET, SUITE 1250 · MIAMI, FLORIDA 33130

with the Registrar of Copyrights, Library of Congress and by complying with all statutory deposit requirements of Title 17,USC,§407. Copies of the Certificates of registration are attached hereto as Exhibit "B".

## COUNT I
## COPYRIGHT INFRINGEMENT AGAINST GENERAL ELECTRIC COMPANY d/b/a TELEMUNDO CHANNEL 51

Plaintiff readopts and realleges paragraph 1-14 as if fully set forth herein and further states as follows:

15.   Defendant, GENERAL ELECTRIC COMPANY d/b/a TELEMUNDO CHANNEL 51 is without permission or authorization from Plaintiff published the subject music.

16.   Defendant, GENERAL ELECTRIC COMPANY d/b/a/ TELEMUNDO CHANNEL 51 directly, vicariously and contributorily infringed upon Plaintiff's copyright by causing advertisements to be published containing Plaintiff's music.

17.   The infringing works were displayed on television in the South District of Florida.

18.   Defendant, GENERAL ELECTRIC COMPANY d/b/a/ TELEMUNDO CHANNEL 51 had access to Plaintiff's music and was able to copy same because it was already in their possession.

WHEREFORE, Plaintiff demands:

(a).   Statutory damages.

(b).   That Defendant, GENERAL ELECTRIC COMPANY d/b/a/ TELEMUNDO CHANNEL 51 its agents and servants, be enjoined during the pendency

of this action and permanently from infringing upon said copyright rights of Plaintiff in any matter and from further use of Plaintiffs' music.

(c). The Defendant, GENERAL ELECTRIC COMPANY d/b/a/ TELEMUNDO CHANNEL 51 be required to pay to the Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of said copyright and to account for and pay:

> All gains, profits and advantages derived by Defendant, in its infringement of Plaintiff's copyright or such damages as the Court may deem proper within the provisions of the copyright statutes.

(d). That Defendant be required to deliver up to the impounded during the pendency of this action of materials in its possession or under its control and to deliver up for destruction all infringing copies and all plates.

(e). That Defendant, GENERAL ELECTRIC COMPANY d/b/a/ TELEMUNDO CHANNEL 51 be required to pay to Plaintiff the cost of this action and reasonable attorney's fees to be allowed to the Plaintiff by this Court.

(f). That Plaintiff have such other and further relief as is just.

## COUNT II
## COPYRIGHT INFRINGEMENT AGAINST
## RUBET MUSIC PUBLISHING, INC.

Plaintiff readopts and realleges paragraph 1-14 as if fully set forth herein and further states as follows:

19. Defendant, RUBET MUSIC PUBLISING, INC., without permission or authorization from Plaintiff, published the subject music.

20. Defendant, RUBET MUSIC PUBLINSING, INC, directly, vicariously and contributorily infringed upon Plaintiff's copyright by causing advertisements to be published containing Plaintiff's music.

4

21. The infringing works were distributed in the Southern District of Florida.

22. Defendant, RUBET MUSIC PUBLISING, INC, had access to Plaintiff's music and was able to copy same because it was in their possession.

**WHEREFOR**, Plaintiff demands:

(a). Statutory damages.

(b). That Defendant, RUBERT MUSIC PUBLISHING INC., its agents and servants, be enjoined during the pendency of this action and permanently from infringing upon said copyright rights of Plaintiff in any matter and from further use of Plaintiffs' music.

(c). The Defendant, RUBET PUBLISHING, INC., be required to pay to the Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of said copyright and to account for and pay:

> All gains, profits and advantages derived by Defendant, in its infringement of Plaintiff's copyright or such damages as the Court may deem proper within the provisions of the copyright statutes.

(d). That Defendant be required to deliver up to the impounded during the pendency of this action of materials in its possession or under its control and to deliver up for destruction all infringing copies and all plates.

(e). That Defendant, RUBET PUBLISHING INC., be required to pay to Plaintiff the cost of this action and reasonable attorney's fees to be allowed to the Plaintiff by this Court.

(f). That Plaintiff have such other and further relief as is just.

## COUNT III
## COPYRIGHT INFRINGEMENT AGAINST PILAR MONTENEGRO d/b/a/ GOLDEN MUSIC GROUP LLC.

5

Plaintiff readopts and realleges paragraph 1-14 as if fully set forth herein and further states as follows:

23. Defendant, PILAR MONTENEGRO d/b/a GOLDEN MUSIC GROUP, LLC, without permission or authorization from Plaintiff, published the subject music.

24. Defendant, PILAR MONTENEGRO d/b/a/ GOLDEN MUSIC GROUP, LLC, directly, vicariously and contributorily infringed upon Plaintiff's copyright by causing it to be published containing.

25. The infringing works were distributed in the Southern District of Florida.

26. Defendant, PILAR MONTENEGRO d/b/a/ GOLDEN MUSIC GROUP, LLC, had access to Plaintiff's music and was able to copy same because it was already in Plaintiff's possession.

**WHEREFOR**, Plaintiff demands:

(a). Statutory damages.

(b). That Defendant, PILAR MONTENEGRO d/b/a/ GOLDEN MUSIC GROUP LLC, its agents and servants, be enjoined during the pendency of this action and permanently from infringing upon said copyright rights of Plaintiff in any matter and from further use of Plaintiffs' music.

(c). The Defendant, PILAR MONTENEGRO d/b/a/ GOLDEN MUSIC GROUP LLC., be required to pay to the Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of said copyright and to account for and pay:

> All gains, profits and advantages derived by Defendant, in its infringement of Plaintiff's copyright or such damages as the Court may deem proper within the provisions of the copyright statutes.

(d). That Defendant be required to deliver up to the impounded during the pendency of this action of materials in its possession or under its control and to deliver up

for destruction all infringing copies and all plates.

(e). That Defendant, PILAR MONTENEGRO d/b/a/ GOLDEN MUSIC GROUP LLC., be required to pay to Plaintiff the cost of this action and reasonable attorney's fees to be allowed to the Plaintiff by this Court.

(f). That Plaintiff have such other and further relief as is just.

## COUNT IV
## COPYRIGHT INFRINGEMENT AGAINST
## MUSICRAMA, INC.

Plaintiff readopts and realleges paragraph 1-14 as if fully set forth herein and further states as follows:

27. Defendant, MUSICRAMA INC, without permission or authorization from Plaintiff, published the subject music.

28. Defendant, MUSICRAMA, directly, vicariously and contributorily infringed upon Plaintiff's copyright by causing it to be published containing.

29. The infringing works were distributed in the Southern District of Florida.

30. Defendant, MUSICRAMA, had access to Plaintiff's music and was able to copy same because it was already in Plaintiff's possession.

**WHEREFOR**, Plaintiff demands:

(a). Statutory damages.

(b). That Defendant, MUSICRAMA INC., its agents and servants, be enjoined during the pendency of this action and permanently from infringing upon said copyright rights of Plaintiff in any matter and from further use of Plaintiffs' music.

(c). The Defendant, MUSICRAMA, be required to pay to the Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of said

copyright and to account for and pay:

> All gains, profits and advantages derived by Defendant, in its infringement of Plaintiff's copyright or such damages as the Court may deem proper within the provisions of the copyright statutes.

(d).   That Defendant be required to deliver up to the impounded during the pendency of this action of materials in its possession or under its control and to deliver up for destruction all infringing copies and all plates.

(e).   That Defendant, MUSICRAMA INC., be required to pay to Plaintiff the cost of this action and reasonable attorney's fees to be allowed to the Plaintiff by this Court.

(f).   That Plaintiff have such other and further relief as is just.

## COUNT V
## COPYRIGHT INFRINGEMENT AGAINST
## TRIGGERFISH ENTERTAINMENT LLC.

Plaintiff readopts and realleges paragraph 1-14 as if fully set forth herein and further states as follows:

31.   Defendant, TRIGGERFISH ENTERTAINMENT, LLC, without permission or authorization from Plaintiff, published the subject music.

32.   Defendant, TRIGGERFISH ENTERTAINMENT, LLC, directly, vicariously and contributorily infringed upon Plaintiff's copyright by causing it to be published containing.

33.   The infringing works were distributed in the Southern District of Florida.

34.   Defendant, TRIGGERFISH ENTERTAIMENT, LLC, had access to Plaintiff's music and was able to copy same because it was already in Plaintiff's possession.

**WHEREFOR**, Plaintiff demands:

8

(a). Statutory damages.

(b). That Defendant, TRIGGERFISH ENTERTAIMENT, LLC, its agents and servants, be enjoined during the pendency of this action and permanently from infringing upon said copyright rights of Plaintiff in any matter and from further use of Plaintiffs' music.

(c). The Defendant, TRIGGERFISH ENTERTAINMENT, LLC., be required to pay to the Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of said copyright and to account for and pay:

> All gains, profits and advantages derived by Defendant, in its infringement of Plaintiff's copyright or such damages as the Court may deem proper within the provisions of the copyright statutes.

(d). That Defendant be required to deliver up to the impounded during the pendency of this action of materials in its possession or under its control and to deliver up for destruction all infringing copies and all plates.

(e). That Defendant, TRIGGERFISH ENTERTAINMENT, LLC., be required to pay to Plaintiff the cost of this action and reasonable attorney's fees to be allowed to the Plaintiff by this Court.

(f). That Plaintiff have such other and further relief as is just.

## COUNT VI
## COPYRIGHT INFRINGEMENT AGAINST
## RUDY PEREZ

Plaintiff readopts and realleges paragraphs 1-14 above as if fully set forth herein and further states:

35. Defendant, RUDY PEREZ, personally participated in decisions to publish the infringing music.

36. Defendant, RUDY PEREZ, individually and knowingly participated in the

9

infringement.

37. Defendant, RUDY PEREZ, without permission or authorization from Plaintiff, did make use of the subject music.

38. Defendant, RUDY PEREZ directly, vicariously and contributorily infringed upon Plaintiff's copyright by causing Plaintiff's music to be published.

39. Defendant, RUDY PEREZ had access to Plaintiff's music and was able to copy same because it was already in his possession.

40. The infringing works were distributed in the Southern District of Florida.

**WHEREFOR**, Plaintiff demands:

(a). Statutory damages.

(b). That Defendant RUDY PEREZ its agents and servants, be enjoined during the pendency of this action and permanently from infringing upon said copyright rights of Plaintiff in any matter and from further use of Plaintiffs' music.

(c). The Defendant RUDY PEREZ be required to pay to the Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of said copyright and to account for and pay:

> All gains, profits and advantages derived by Defendant, in its infringement of Plaintiff's copyright or such damages as the Court may deem proper within the provisions of the copyright statutes.

(d). That Defendant be required to deliver up to the impounded during the pendency of this action of materials in its possession or under its control and to deliver up for destruction all infringing copies and all plates.

(e). That Defendant RUDY PEREZ be required to pay to Plaintiff the cost of this action and reasonable attorney's fees to be allowed to the Plaintiff by this Court.

(f). That Plaintiff have such other and further relief as is just.

## COUNT VII
## COPYRIGHT INFRINGEMENT AGAINST
## PILAR MONTEREGRO

Plaintiff readopts and realleges paragraphs 1-14 above as if fully set forth herein and further states:

41. Defendant PILAR MONTEREGRO personally participated in decisions to publish the infringing music.

42. Defendant PILAR MONTEREGRO individually and knowingly participated in the infringement.

43. Defendant PILAR MONTEREGRO without permission or authorization from Plaintiff did make use of the subject music.

44. Defendant, PILAR MONTEREGRO directly, vicariously and contributorily infringed upon Plaintiff's copyright by causing Plaintiff's music to be published.

45. Defendant PILAR MONTEREGRO had access to Plaintiff's music and was able to copy same because it was already in her possession.

46. The infringing works were distributed in the Southern District of Florida.

**WHEREFOR**, Plaintiff demands:

(a). Statutory damages.

(b). That Defendant PILAR MONTEREGRO its agents and servants, be enjoined during the pendency of this action and permanently from infringing upon said copyright rights of Plaintiff in any matter and from further use of Plaintiffs' music.

(c). The Defendant PILAR MONTEREGRO be required to pay to the Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of

said copyright and to account for and pay:

> All gains, profits and advantages derived by Defendant, in its infringement of Plaintiff's copyright or such damages as the Court may deem proper within the provisions of the copyright statutes.

(d).  That Defendant be required to deliver up to the impounded during the pendency of this action of materials in its possession or under its control and to deliver up for destruction all infringing copies and all plates.

(e).  That Defendant PILAR MONTEREGRO be required to pay to Plaintiff the cost of this action and reasonable attorney's fees to be allowed to the Plaintiff by this Court.

(f).  That Plaintiff have such other and further relief as is just.

DATED this 26th day of July, 2004

STEPHEN A. OSTROW, ESQ.
JOHN B. OSTROW, P.A.
Courthouse Towers
44 West Flagler Street
Suite 1250
Miami, Florida 33130
(305) 358-1496
(305) 371-7999 – Fax

_____
Stephen A. Ostrow, Esq.

# CERTIFICATE OF COPYRIGHT REGISTRATION



This certificate, issued under the seal of the Copyright Office in accordance with the provisions of section 410(a) of title 17, United States Code, attests that copyright registration has been made for the work identified below. The information in this certificate has been made a part of the Copyright Office records.

REGISTER OF COPYRIGHTS
United States of America

OFFICIAL SEAL

FORM SR
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**SRu  226 628**

SR  SRU

EFFECTIVE DATE OF REGISTRATION

**JAN 09 1992**
Month  Day  Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1  TITLE OF THIS WORK ▼**
"OMAR REYES AND HIS COMPUTERIZED MUSIC", VOLUME (I)

**PREVIOUS OR ALTERNATIVE TITLES ▼**
(1). HERITAGE. (2). IMPROMPTU. (3). GYPSY RAP. (4). BRAZILIAN SHOES. (5). THROUGH THE FANTASY. (6). BETWEEN THE MOON AND I. (7). FLAMINGOS, DOLPHINES AND GATORS (8). FRENCH INSTANCE. (9). SPACE WAY. (10). ITALIAN INSTANCE (11) CARIBBEAN (12). SUBWAY. (13). FROM the life.

**NATURE OF MATERIAL RECORDED ▼** See instructions
☑ Musical  ☐ Musical-Dramatic
☐ Dramatic  ☐ Literary
☐ Other

**2  NAME OF AUTHOR ▼**
a  OMAR ALFONSO REYES CANTO

**DATES OF BIRTH AND DEATH**
Year Born ▼  Year Died ▼
12-1-47

Was this contribution to the work a "work made for hire"?
☐ Yes
☑ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ USA
Domiciled in ▶ MIAMI, FLORIDA

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼
Musical work and sound recording.

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼  Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼  Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼

**3  a YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
**1992** ◀ Year

**b DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶   Day ▶   Year ▶   Nation ▶

**4  COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

OMAR ALFONSO REYES CANTO
952 NW 23 ct
MIAMI, Fl. 33125

APPLICATION RECEIVED
JAN 09 1992
ONE DEPOSIT RECEIVED
JAN 09 1992
TWO DEPOSITS RECEIVED

REMITTANCE NUMBER AND

**TRANSFER** If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

N/A



EXHIBIT B

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• See detailed instructions  • Sign the form at line 8

DO NOT WRITE HERE

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**04-21865 CIV-LENARD MAGISTRATE JUDGE SIMONTON**

### I. (a) PLAINTIFFS
Omar Reyes

### DEFENDANTS
Telemundo Channel 51, et al.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Miami Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Dade 04CV21865 JAL Simonton

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Stephen A. Ostrow, Esq.
44 W. Flagler St, Miami, FL 33130

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: **DADE**, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

### II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ PERSONAL INJURY ☐ 362 Personal Injury Med Malpractice ☐ 365 Personal Injury Product Liability ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | B☐ 640 RR & Truck | ☒ 820 Copyrights | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | B☐ 690 Other | | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | PERSONAL PROPERTY ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | A LABOR | ☐ 892 Economic Stabilization Act |
| | | | ☐ 710 Fair Labor Standards Act | ☐ 893 Environmental Matters |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | B SOCIAL SECURITY | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 861 HIA 1395ff | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 862 Black Lung 923 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 863 DIWC/DIWW (405(g)) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | ☐ 865 RSI (405(g)) | A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights B☐ 555 Prison Condition | ☐ 720 Labor Mgmt Relations ☐ 730 Labor Mgmt Reporting & Disclosure Act ☐ 740 Railway Labor Act ☐ 790 Other Labor Litigation ☐ 791 Empl Ret Inc Security Act | |
| | | | FEDERAL TAX SUITS | |
| | | | A☐ 870 Taxes (U S Plaintiff or Defendant) | |
| | | | A☐ 871 IRS – Third Party 26 USC 7609 | |

### VI. CAUSE OF ACTION (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Title 17 Copyright Infringment

LENGTH OF TRIAL
via 7 days estimated (for both sides to try entire case)

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 7/26/04
SIGNATURE OF ATTORNEY OF RECORD: [signature]

$150.00  905210
07/26/04

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO 120 (Rev. 2/99)

| COMMISSIONER OF PATENTS & TRADEMARKS<br>2121 CRYSTAL DRIVE<br>SUITE 1100<br>ARLINGTON, VA 22201 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

In Compliance with 35 § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court ____Southern District of Florida____ on the following ☐ Patents or ☐ Trademarks:

| DOCKET NO.<br>04-21865-CV-JAL/AMS | DATE FILED<br>07/26/04 | U.S. DISTRICT COURT<br>Southern District of Florida |
|---|---|---|
| PLAINTIFF<br>Omar Reyes | | DEFENDANT<br>General Electric Company et al. |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | . |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment  ☐ Answer  ☐ Cross Bill  ☐ Other Pleading | |
|---|---|---|
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | . |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK<br>CLARENCE MADDOX | (BY) DEPUTY CLERK<br>Rehan Ahmad | DATE<br>7/27/04 |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Commissioner    Copy 3—Upon termination of action, mail this copy to Commissioner
Copy 2—Upon filing document adding patent(s), mail this copy to Commissioner    Copy 4—Case file copy